**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

| | | |
|---|---|---|
| SIMON V. CAZARES, | ) | No. C 05-1349 MMC (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| | ) | **(Docket No. 2)** |
| JAMIE L. HARMON, et al., | ) | |
| Defendant. | ) | |
| _____ | ) | |

14

15

16

Plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983 against the attorneys who represented him in criminal proceedings in state court.  He has applied for leave to proceed in forma pauperis

17

18

19

20

21

22

23

24

25

26

27

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

28

Plaintiff claims his attorneys "embezzled" the fee he paid them, and provided him

**United States District Court**

For the Northern District of California

1  with deficient representation at his criminal trial and on direct appeal.  Attorneys in private

2  practice are not state actors.  <u>See</u> <u>Simmons v. Sacramento County Superior Court</u>, 318 F.3d

3  1156, 1161 (9th Cir. 2003); <u>see also</u> <u>Kimes v. Stone</u>, 84 F.3d 1121, 1126 (9th Cir. 1996)

4  (holding private counsel are private actors).  Consequently, services performed by private

5  counsel in connection with a lawsuit do not constitute action under color of state law, <u>see</u>

6  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1345 (9th Cir. 1981); <u>Briley v. California</u>, 564 F.2d

7  849, 855-56 (9th Cir. 1977), and claims for legal malpractice based thereon do not come

8  within the jurisdiction of the federal courts, <u>see</u> <u>id.</u>[1]  Accordingly, plaintiff's claims against

9  his attorneys are DISMISSED for failure to state a cognizable claim for relief.  In light of

10  this dismissal, plaintiff's incomplete[2] application to proceed in forma pauperis is DENIED

11  and no fee is due.

12          The Clerk shall close the file and terminate Docket No. 2.

13          IT IS SO ORDERED.

14  DATED: June 1, 2005

15                                          /s/ Maxine M. Chesney
                                            MAXINE M. CHESNEY
16                                          United States District Judge

17

18

19

20

21

22

23

24

25

---

26      [1]Such claims may be cognizable in the state courts or before the state bar.

27      [2]The Clerk's notice to plaintiff, that the application was incomplete, was returned to the
    Court as undeliverable because plaintiff was not located at the address provided in the
28  complaint.